(No. 3804— ▮▮▮▮)

EDWARD J. BARRETT, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1943.*

NASH, AHERN, McDERMOTT & McNALLY, for claimant.

GEORGE F. BARRETT, Attorney General; ROBERT V. OSTROM, Assistant, Attorney General, for respondent.

14

ECKERT, J.

On November 4, 1930, claimant, Edward J. Barrett, was elected Treasurer of the State of Illinois for a term of two years, from January 1, 1931. On December 9, 1930, and on December 24, 1930, he applied to the Great American Indemnity Company of New York, a New York corporation, for a public official's bond in the penal sum of $500,000.00. Each application contained an indemnifying agreement which provided that the applicant "indemnify the Company against any losses, damages, costs, charges and expenses it may sustain, incur, or become liable for in consequence of said bond or any renewal thereof, or any new bond issued in continuance thereof or as a substitute therefor." The Company subsequently issued two bonds each in the penal sum of $500,000.00 with the Fidelity & Casualty Company of New York as co-surety; premiums in the amount of $4,000.00 were paid by the State of Illinois; the bonds were filed in the Office of the Secretary of State, and were duly approved by the Governor and two justices of the Supreme Court, all in accordance with statutory requirements. The bonds remained in full force and effect from the date of their filing until the expiration of the term of office of the claimant on January 9, 1933.

On December 10, 1937, a suit was started in the Circuit Court of Sangamon County, Illinois, by American Legion Post No. 279, against the claimant, the Great

American Indemnity Company of New York, and others, as defendants. On December 14, 1937, a suit was also started in the United States District Court, Southern Division, in and for the Southern District of Illinois, by Gordon L. Seeger, naming the claimant, the Great American Indemnity Company of New York, and others, as defendants. In each suit it was alleged that claimant and the Great American Indemnity Company of New York were liable on the official bonds of the claimant to the creditors of the Ayers National Bank of Jacksonville, Illinois, which had become insolvent in November, 1932, for the proceeds of certain securities of that bank. These securities were alleged to have been wrongfully deposited by the bank as a pledge to secure moneys of the State deposited with the bank prior to its insolvency in an amount of approximately $1,800,000.00. The complaints charged that the claimant had converted these funds when he liquidated the securities as State Treasurer.

Subsequent to the service of summons upon the Great American Indemnity Company of New York, the company notified claimant of the pendency of the suits and of its expectancy of reimbursement for any loss or expense incurred by reason of the litigation. Although claimant was properly represented by the Attorney General of the State of Illinois, the company, by its own counsel, moved to strike the complaints and dismiss the suits. These motions were granted by the Circuit Court of Sangamon County, and upon appeal to the Supreme Court of Illinois, the action of the trial court was affirmed. The suits were subsequently dismissed.

Claimant now alleges that the interests of the several defendants differed in the litigation; that it was necessary for the Great American Indemnity Company of New York to employ its own counsel for its defense; that be-

cause of these suits, the company sustained losses, damages, costs, charges and expenses amounting to $20,-919.92; that claimant became liable to indemnify the Great American Indemnity Company of New York on account of such losses, costs, charges and expenses; that the company had demanded payment by the claimant, and commenced an action at law in the Superior Court of Cook County to recover this amount from the claimant. He also alleges, that although morally and legally liable for the payment of this money, he is financially unable to pay it; that because the liability was incurred by claimant in his official capacity as Treasurer of the State of Illinois, because the bonds were given to satisfy a statutory requirement, and because the premiums for the bonds were paid by the State, the liability is the liability of the State. Claimant further alleges, that in incurring this liability, he was acting as an agent for the State; that such liability should be absorbed by the principal; and that an award should be made to the Great American Indemnity Company of New York to discharge the liability which it has asserted against the claimant. The case is before the court on the respondent's motion to dismiss.

From the allegations of the complaint, it appears that the liability of the claimant under the indemnifying provisions of the applications for the bonds is the subject of litigation in the Superior Court of Cook County, and has not been determined. That litigation entails a consideration of the need for separate counsel on the part of the Great American Indemnity Company of New York, the reasonableness and necessity of the various items of the costs and charges incurred by the company, and the meaning and intention of the indemnifying provision. The Superior Court of Cook County may find

that the company was wholly unjustified in employing its own counsel; may find, that although justified, the costs and charges are excessive; or may find that the provisions of the indemnifying agreement are not sufficiently broad to render claimant liable to the company for the expenditure of these moneys.

The extent, if any, of claimant's liability being properly before a court of general jurisdiction, it will not be passed upon by this court. The Legislature in creating the Court of Claims did not intend that it should usurp the powers of, contradict, or compete with courts of general jurisdiction. *Moline Plow Company* vs. *State,* 5 C. C. R. 277. Without passing upon the question of the responsibility of the respondent, it is obvious that the claim against the State is prematurely made at this time.

The respondent's motion to dismiss is therefore granted.