(No. 5299—<span style="color:black"></span>

ROCKFORD MEMORIAL HOSPITAL ASSOCIATION, A Corporation, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 10, 1968.*

PEDDERSON, MENZIMER, CONDE AND STONER, Attorneys for Claimant.

WILLIAM G. CLARK, Attorney General; MORTON L. ZASLAVSKY and ARTHUR L. BERMAN, Assistant Attorneys General, for Respondent.

PERLIN, C.J.

Claimant seeks recovery of $1,225.40, which it claims is owed to it by the Illinois Public Aid Commission under its program of Assistance to the Medically Indigent Aged, on behalf of Vera Stroup, deceased.

The facts show that on March 8, 1963, Vera Stroup, aged 77, was admitted to claimant's hospital where claimant furnished room, food, nursing, drugs, medical supplies, laboratory services, and other services until March 19, 1963 when Mrs. Stroup died. A balance of $1,225.40 remains unpaid for these services.

The parties stipulated that application was made by claimant to respondent for the amount claimed herein under the program of Assistance to the Medically Indigent Aged. On August 10, 1965, notification was received by claimant from the Winnebago County Department of Public Aid that said Vera Stroup had been found not to be eligible for assistance. The notification consisted of a letter to Attorney Dale Conde, which stated:

"Dear Mr. Conde:

We received your letter of August 2, 1965. According to our findings there were adequate resources to meet Mrs. Stroup's medical expenses at that time, assistance was denied.

Yours very truly,
(Mrs.) Alice M. Gleason,
Superintendent

Winnebago County Department
of Public Aid"

The complaint filed in the instant case on April 6, 1966 appears to be the next action taken by claimant.

Respondent alleges that the Court of Claims does not have jurisdiction to hear this action since the proceeding is in the nature of a claim under the program of Assistance to the Medically Indigent Aged. Respond-

ent claims that proceedings of this nature are governed by Article V of the Public Assistance Code, (Chap. 23, Sec. 561, et seq., Ill. Rev. Stats.) and the Administrative Review Act.

The procedure for obtaining assistance granted to or in behalf of a medically indigent aged person is clearly set forth in the Illinois Public Assistance Code, Chap. 23, 1965 Ill. Rev. Stats.

The pertinent provisions of this Act are as follows:

Sec. 564 states that the "amount and nature of the assistance granted to or in behalf of a medically indigent aged person under this Article shall be determined by the County Department in accordance with the standards, rules and regulations of the State Department . . ."

Secs. 802 through 805 provide that an application for assistance shall be filed with the County Department of the County in which the applicant resides, and that the County Department shall decide whether the applicant is eligible for assistance. The County Department must notify the applicant of its decision within ten days after it is rendered. In the event the assistance is denied, the County Department shall also notify the applicant of his right to appeal to the State Department within sixty days after the decision. The State Department shall review the case upon receipt of the application, and shall permit the applicant or recipient to appear in person and to be represented by counsel. A fair hearing must be held. The appeal is heard in the County where the applicant or recipient resides. The decision shall be rendered within 60 days from the date of the filing of the appeal.

Sec. 816 states that "The provisions of the 'Ad-

ministrative Review Act,' approved May 8, 1945, and all amendments and modifications thereof . . . shall apply to and govern all proceedings for the judicial review of final administrative decisions of the State Department under this Article.''

The Administrative Review Act, 1965 Ill. Rev. Stats., Chap. 110, Sec. 268, provides that jurisdiction to review final administrative decisions is vested in the Circuit Courts, and that the action may be ''commenced in the Circuit Court of any county in which (1) any part of the hearing or proceeding culminating in the decision of the administrative agency was held, or (2) any part of the subject matter involved is situated, or (3) any part of the transaction, which gave rise to the proceedings before the agency occurred. The court first acquiring jurisdiction of any action to review a final administrative decision shall have and retain jurisdiction of the action until final disposition thereof . . .''

There is no evidence that the remedies set out in the above statutory provisions were ever pursued. Not only has claimant failed to exhaust its administrative remedies, but the Act specifically provides for final review by the Circuit Court. It has been an established rule of this Court that, where the claimant has an adequate remedy in a court of general jurisdiction, the Court of Claims has no jurisdiction. (*B & F Hi-Line Construction Corporation* vs. *State of Illinois,* 21 C.C.R. 189; *Denton* vs. *State of Illinois,* 22 C.C.R. 83).

In *Barrett* vs. *State of Illinois,* 13 C.C.R. 13, 17, the Court stated:

"The Legislature in creating the Court of Claims did not intend that it should usurp the powers of, contradict, or compete with courts of general jurisdiction. *Moline Plow Company* vs. *State of Illinois,* 5 C.C.R. 277."

Since the question of the Court's jurisdiction may be raised at any time (*Atkinson* vs. *State of Illinois*, 21 C.C.R. 429), the claim is hereby denied.