(No. 78-CC-1279–

Marie E. Anaya, Claimant, *v.* The State of Illinois, Respondent.

*Order filed September 10, 1980.*

Marie E. Anaya, *pro se*, for Claimant.

Roe, C. J.

This cause coming on to be heard on the Court's own motion to dismiss and the Court being fully advised;

Claimant filed this claim based upon Ill. Rev. Stat., ch. 15, pars. 210.10, 210.16, seeking replacement of a lost warrant. Although the complaint was based upon provisions included in the Comptrollers Act, the bill of particulars and the departmental report incorporated by reference into a motion for summary judgment by Respondent indicate that the Claimant was not issued a warrant by the Comptroller but that it was issued by the Department of Labor.

Said documents also indicate that a hearing was held on this matter by the Division of Unemployment Insurance in that department and Claimant was denied reissuance of the monies. It is clear that Claimant is now seeking review of that prior decision. The issue raised by the Court is whether or not the Court of Claims has jurisdiction to review an administrative decision of the Department of Labor.

First, we turn to the provisions of the Administrative Review Act, Ill. Rev. Stat., ch. 110, par. 264. Section 2 of the Act defines its scope. It provides that the Act shall apply to and govern every action to review judicially a final decision of any administrative agency where the Act creating or conferring power on such agency, by express reference, adopts the provisions of the Act. Section 1 of the Act defines what is contemplated by the terms "decision" and "administrative agency." The agency and its decision involved in the case at bar clearly fall within said definitions.

The second step is to determine whether or not the Act creating the agency incorporated the provisions of the Administrative Review Act. Ill. Rev. Stat., ch. 48, par. 520 does by express reference adopt the Act.

Having thus determined that the Administrative Review Act applies in situations such as the instant case, we turn to section 5 of the Act. Section 5 states that jurisdiction to review final administrative decisions is vested in the Circuit Courts. As former Chief Justice Perlin stated in *Rockford Memorial Hospital Association v. State*, 26 Ill. Ct. Cl. 215, 218:

It has been an established rule of this Court, where the Claimant has an adequate remedy in a court of general jurisdiction, the Court of Claims has no jurisdiction. (citing cases)

In *Barret v. State*, 13 Ill. Ct. Cl. 13, 17, the Court stated, "The Legislature in creating the Court of Claims did not intend that it should usurp the powers of, contradict, or compete with courts of general jurisdiction."

It is hereby ordered that this claim be and hereby is dismissed for lack of jurisdiction.