(No. 87-CC-3910—)

KETURAH HALIMA, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 22, 1989.*

GOLDMAN & MARCUS (ARTHUR R. EHRLICH, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (ERIN M. O'CONNELL, Assistant Attorney General, of counsel), for Respondent.

Sommer, J.

The Claimant, a former State employee, alleges that she was discharged from State employment on August 17, 1983, because she filed and pursued a workers' compensation claim.

The Claimant brought the matter of her discharge before the Civil Service Commission. A full hearing was held, and a final decision was entered on or about March 10, 1984. The Claimant did not prevail, and did not appeal to the circuit court as per the Administrative Review Law. (Ill. Rev. Stat. 1987, ch. 110, par. 3—101.) The Claimant filed in this Court on June 4, 1987, seeking a full hearing.

This claim is similar to that of *Rockford Memorial Hospital Association v. State* (1968), 26 Ill. Ct. Cl. 215, 218. In that case, the Claimant did not appeal a ruling of the public aid commission to the circuit court as set out in the Administrative Review Law, but sought a new trial in this Court. The Court stated:

"There is no evidence that the remedies set out in the above statutory provisions were ever pursued. Not only has Claimant failed to exhaust its administrative remedies, but the Act specifically provides for final review by the Circuit Court. It has been an established rule of this Court that, where the Claimant has an adequate remedy in a court of general jurisdiction, the Court of Claims has no jurisdiction. (*B & F Hi-Line Construction Corporation vs. State of Illinois*, 21 C.C.R. 189; *Denton vs. State of Illinois*, 22 C.C.R. 83)."

After careful consideration, this Court concludes that *Rockford Memorial Hospital Association, supra,* correctly states the law governing the present claim.

To hold otherwise would allow Claimants who are unhappy with the results of trials before administrative agencies to have an immediate second trial in this Court as a matter of right. We do not believe that a Claimant's right to two trials and having the State defend the same claim twice is the intent of the statutory scheme, nor the practice under it; rather the intent and practice is that trial is held before the administrative agency and review can be had in the circuit and appellate courts, and this Court, acting on behalf of the General Assembly, examines any awards made prior to their payment.

It is therefore ordered that the motion of the Respondent to dismiss is granted and this claim is dismissed.