(No. 89-CC-0630—▮▮▮▮▮

RANDY DAUGHERTY, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 26, 1991.*

RANDY DAUGHERTY, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (TERRY ROACH and CAROL BARLOW, Assistant Attorneys General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This is a claim by an inmate of the *Illinois* Department of Corrections seeking damages from the State of Illinois because of personal injuries. These allegations were a result of the Claimant being attacked and stabbed by other inmates in May 1988.

On May 7, 1988, shortly after 5:00 p.m., the Claimant was attacked by a group of other inmates. The Claimant indicated that this was a racially motivated incident, and the second such incident of the day at the institution.

Claimant's entire case is based upon the proposition that the Respondent's agents failed to give him adequate protection from attack. Approximately two minutes elapsed from the time the attack began until the guards arrived.

The Respondent called correctional officer Brian Thomas who was present at the scene of the attack on

the Claimant. He and Officer Patterson had first observed another inmate bleeding from the mouth. Both officers escorted that inmate downstairs to safety. Officer Thomas then went back upstairs and found the Claimant in a daze. Officer Thomas took the Claimant to the hospital.

Upon cross-examination, Officer Thomas testified that when he and the other officer escorted the first wounded inmate downstairs, Officer Thomas was not aware of any other fighting.

Officer Vanpelt, who was present in the cell house at the time of the attack on the Claimant, was then called as a witness. Vanpelt claimed that he was present at the scene of the scuffle within thirty seconds of having first heard it. He indicated that there was no fighting going on when he arrived. Vanpelt further stated that he had no indication of prior racially-motivated problems on the day in question.

This Court has considered on repeated occasions claims by inmates injured at the hands of other inmates. In *Childs v. State* (1985), 38 Ill. Ct. Cl. 196, Judge Raucci reiterated the rule that in the absence of proof that Respondent's agents anticipated, or should have anticipated, that third persons would commit criminal acts against a Claimant, there is no liability. This Court has even held that where institutional procedures were violated, and the violation permitted one inmate to attack and injure another, no recovery would be had in the absence of proof that the Respondent's agents anticipated, or should have anticipated, that third persons would commit the criminal attack. *Carey v. State* (1981), 35 Ill. Ct. Cl. 96.

In the case herein, there was simply no proof that agents of the Department of Corrections did in fact

anticipate, or should have anticipated, an attack *against* the Claimant by other inmates.

Therefore, we deny this claim.