(No. 84-CC-0396–)

WILLIAM SMITH, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed July 29, 1991.*

CHARLES R. WINKLER, LTD., for Claimant.

ROLAND W. BURRIS, Attorney General (DANIEL BRENNAN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

BURKE, J.

On December 17, 1982, Claimant, William Smith, was an inmate at Pontiac Correctional Center. He was quartered in the West House, 3 Gallery, Cell #331. In that section, the inmates stay in their cells all day except for meals.

At approximately 4:00 p.m., the cell doors on 3 Gallery were opened, allowing the inmates to go to their evening meal. As Claimant exited his cell, he was attacked, stabbed and beaten by three men wearing ski masks. The identity of these masked inmates was never determined.

Claimant received five stab wounds, which left five scars. The medical bills and medical records, as well as the photographs of the scars from the five stab wounds, were entered into evidence without objection.

The deposition of Joseph Kuntz, a correctional sergeant at Pontiac Correctional Center, was admitted

into evidence. He stated that he was told there was going to be "trouble" on 3 Gallery on December 17, 1982. Additionally, Sergeant Kuntz told Brad Adams, a prison guard, to keep an eye on 3 Gallery. Officer Brad Adams testified that he knew that there had been a rash of stabbings and consequently knew what type of trouble to expect. Respondent had constructive notice of a possible attack. Sergeant Kuntz stated that prior to the stabbing of Claimant Smith, there had been a fairly high number of assaults inside Pontiac Prison. Officer Adams stated that there was a rash of 7 to 15 stabbings within a three-week period prior to Claimant being stabbed and virtually all victims were white.

The prison officials of Pontiac were constructively apprised of the risk of harm to all the prisoners on 3 Gallery and it was virtually certain that the victim would be white. There were only three white inmates out of 88 inmates on 3 Gallery. The prison officials should have known that the victim would be one of the three white inmates.

The Respondent failed to take measures to protect the Claimant and consequently failed in its duty to provide Claimant Smith with reasonable care in protecting him from harm. At the time Claimant Smith was stabbed, there was only one guard on 3 Gallery and one guard in the tower. There were no additional personnel working in that unit though the prison officers knew there was going to be trouble.

The Respondent failed to provide additional guards to work 3 Gallery, and they took no reasonable measures to provide for the safety of the Claimant on the day he was stabbed. The State failed in its duty to use reasonable care to protect Claimant Smith from harm when they had actual and constructive notice of the

trouble that was to occur. The Claimant, William Smith, suffered damages in being stabbed five times and has been left with scars of a permanent nature.

Wherefore, it is hereby ordered that Claimant is awarded the amount of $4,500.00 in full and complete satisfaction of this claim.