(No. 90-CC-2698—■)

DIMAS GUZMAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed July 13, 1992.*

DIMAS GUZMAN, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

This cause comes on to be heard on the Respondent's motion to dismiss, due notice having been given, no objection having been filed, and the Court being advised, finds:

Claimant filed this claim seeking to recover the

amount of an unemployment insurance warrant issued by the Illinois Department of Employment Security. The Division of Benefit Payment Control of the Department of Employment Security holds administrative hearings to determine whether a warrant should be reissued. The claims adjudicator denied reissuance of the warrant.

Section 3—104 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 3—104) states that jurisdiction to review final administrative decisions is vested in the circuit court. The fact that the review of the decision of the Division of Benefit Payment Control is provided through administrative review in the circuit court prevents the Court of Claims from assuming jurisdiction over claims such as the instant one. *Rivera v. State* (1981), 35 Ill. Ct. Cl. 375; *Moore v. State* (1980), 34 Ill. Ct. Cl. 108; *Anaya v. State* (1980), 34 Ill. Ct. Cl. 161.

We further find that Respondent's counsel learned that, notwithstanding and unaware of the above Court of Claims decision, attorneys for the Legal Assistance Foundation of Chicago and the Department of Employment Security entered into a consent decree before Federal Judge Prentice Marshall in a case entitled *Burns*. As part of such decree, the parties agreed to add language to Benefit Payment Control's written administrative decisions that suggested that a person aggrieved by the decision should proceed in the Court of Claims. Respondent's counsel informed both the Legal Assistance Foundation and the Illinois Department of Employment Security of the jurisdictional problem of which the signers of the consent decree were unaware. The Department of Employment Security is attempting to resolve this problem by administratively reissuing or rehearing those pending cases, such as the instant one, where review was erroneously sought in the Court of Claims, so that claimants

will have enough time to seek review in the circuit court.

In the motion at bar, Respondent seeks dismissal without prejudice and with leave to file if the Benefit Control Division of the Department of Employment Security does not reissue its administrative decision. Respondent does not indicate how the Court should proceed with the case should it be dismissed and then refiled. Jurisdiction cannot be vested with a court solely based on agreement of the parties and Respondent does not suggest the cited cases are wrong.

Wherefore, it is hereby ordered that this claim be, and hereby is, dismissed for lack of jurisdiction and without leave to refile.