(No. 89-CC-1116– )

ROBERT CASTLEMAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 30, 1993.*

ROBERT CASTLEMAN, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTINE K. WELLS, Assistant Attorney General, of counsel), for Respondent.

OPINION

PATCHETT, J.

Claimant was a resident of the Illinois Department of Corrections at the time of the injuries complained of. He seeks judgment in the sum of $100,000 as a result of physical injuries received from another inmate. The

Claimant contends that the Respondent's agents negligently failed to protect the Claimant while he was in the protective custody unit.

On February 27, 1988, Claimant was held in the protective custody unit at Menard Psychiatric Center. There are 55 cells in the unit, and a shower at the end of the unit. On the date in question, the inmates were asked if they wanted to take showers. Claimant replied in the affirmative, and later he and other inmates were released from their cells. The mass release of the inmates was a traditional procedure. Claimant did, however, have the option of not taking a shower.

Approximately 11 to 15 inmates were released at one time. As the Claimant left his cell, he was attacked by another inmate and struck in the head twice. An officer was present when the Claimant was struck, and immediately put an end to the confrontation. Claimant was knocked back, and his head was injured in a very minor manner. He was cut in the left temple area leaving a very small scar that could not be observed from a distance of six or seven feet. He received medical treatment, but the wound was not sufficiently serious to require suturing. Claimant has no present problems as a result of injuries sustained.

Claimant believes that the procedure used in letting inmates out of their cells for shower purposes was a proximate cause of his injury. On cross-examination, he testified that there was no indication that the inmate in question intended to strike or assault him. The guard present stepped in and broke the incident up as soon as he saw the attack. Claimant did not see the assailant approaching prior to the assault.

The entire case is based on the proposition that the

agents of the Respondent failed to give him adequate protection from attack, despite the fact that virtually no time elapsed from the time he was attacked until a guard arrived and stopped the incident.

This Court has considered similar claims on repeated occasions. In *Childs v. State* (1985), 38 Ill. Ct. Cl. 196, this Court reiterated the rule that, in the absence of proof that the Respondent's agents anticipated, or should have anticipated, that third persons would commit criminal acts against a Claimant, there is no liability. This Court has even held that where institutional procedures were in fact violated, and the violation permitted one inmate to attack and injure another, there is no liability in the absence of proof that the agents of the Respondent anticipated or should have anticipated the attack. *Carey v. State* (1981), 35 Ill. Ct. Cl. 96; *Daugherty v. State* (1991), 43 Ill. Ct. Cl. 316.

Therefore, for the reasons stated above, we hereby deny this claim.