(No. 89-CC-2805—

Morris Wenetsky, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed March 30, 1993.*

Russell J. Stewart, for Claimant.

Roland W. Burris, Attorney General (Steven Schmall, Assistant Attorney General, of counsel), for Respondent.

OPINION

Sommer, C.J.

This is a claim by a former State employee for lost

wages from April 7, 1986, to August 22, 1988.

From the testimony introduced at the hearing before Commissioner Griffin, it appears that on May 1, 1981, the Claimant, Morris Wenetsky, was employed by the office of the Secretary of State as a Storekeeper III. The position of Storekeeper III and other storekeeper titles were abolished by the Secretary of State's merit commission on September 16, 1981. All position classifications in the storekeeper category became a single storekeeper title. The Claimant was certified as a storekeeper on November 1, 1981. The Claimant suffered no loss of pay when the position classifications were abolished, and had not been certified prior to the change.

The claimant went on leave August 12, 1985, until September 19, 1985. He later went on a nonservice disability leave which expired April 7, 1986. On April 7, 1986, the Claimant returned to work, but refused to work as a storekeeper when the Secretary of State demanded that he do so. The Claimant did not return to work the next day.

The dispute centers around the fact that the Claimant was released for work by his physician with a "light duty" restriction. The Secretary of State contended that there was no provision for "light duty" in a storekeeper's position, as part of the duties of a storekeeper required the lifting of various objects, so the Secretary of State refused to allow the Claimant to work.

The Claimant filed a grievance on the issue of his job classification with the Secretary of State's Department of Personnel. The grievance was denied May 12, 1986, after a hearing. The complaint filed in this Court states,

"That Wenetsky filed a Complaint in Administrative Review in 1986, which was dismissed on the grounds that a third level grievance decision is not final and appealable, and that only a Merit Board decision is appealable to the

Circuit Court."

Jurisdiction over the Claimant's job classification was with the Secretary of State's Department of Personnel, the merit commission, and circuit court on judicial review. (Ill. Rev. Stat., ch. 124, par. 101 *et. seq.*) This Court has no jurisdiction in personnel matters where adequate remedies are provided in a court of general jurisdiction. (*Halima v. State* (1989), 41 Ill. Ct. Cl. 193.) Therefore, this Court has no jurisdiction to decide the issue of the Claimant's job classification.

As the Secretary of State's classification of the Claimant as a storekeeper was upheld by the Department of Personnel and the circuit court, the Claimant's argument that he somehow continued to be a Storekeeper III fails, absent further orders by or settlements in the circuit court.

In 1988, the Claimant filed in the chancery division of the circuit court of Cook County to seek an injunction to require the Secretary of State to place the Claimant back to work. The Claimant contends that the matter was resolved by negotiations, with a result that he went back to work and the action was dismissed. The Claimant presented into evidence no written document or third-party testimony as to any terms of the settlement which would entitle him to back wages. The Claimant simply went to work on August 22, 1988, and resigned on August 26, 1988.

There is no evidence that the Claimant returned to work with "light duty" conditions or in any capacity other than as a storekeeper. We find that the burden of proof is on the Claimant to prove the terms of any settlement which would entitle him to back wages, and we further find that he has not met this burden. It is therefore

ordered that this claim is denied.