(No. 91-CC-2797 )

JOHN BUTLER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 21, 1994.*

JOHN BUTLER, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTO-PHER K. WELLS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

This claim arises from a disturbance in the Department of Corrections. The Claimant, while an inmate with the Illinois Department of Corrections, was attacked by other inmates on January 19, 1991, in the gym shower room at Menard Correctional Center. He was cut by a steel shank over his right eye, and a small scar was created by the attack.

The Claimant testified that he had problems with another inmate. He told a correctional officer about the incident and was placed on temporary deadlock. After he was released from deadlock, he was attacked by another inmate during the next gym period.

The Claimant testified that there was no officer in the shower room and that officers normally do not go into the shower room while inmates are taking showers. He did report the injury in question to correctional officers and filed a grievance.

The Claimant suggests that liability arises because the officer should have seen the possibility of disturbance and protected him. He testified that it was the responsibility of the correctional officer to provide an environment where an attack could not happen. On cross-examination, he admitted that after he advised correctional officers of his concerns, he was put in lockdown, or temporary protective custody, for three days.

The Claimant also admitted on cross-examination that he was never directly threatened with bodily harm by the inmate who ultimately attacked him before the actual attack. He also did not give to the guards the names of inmates he suspected were going to attack him. He never sued the inmate who attacked him, but as mentioned earlier, he did file a grievance report.

On cross-examination, the Claimant further admitted that when filing an inmate injury report dated January 19, 1991, he stated that he was struck over the right eye by another player's elbow during a basketball game. He admitted that the inmate injury report was incorrect and stated that he lied because he fears for his safety. The Claimant had no complaints about the medical care received, and he has no other complications from the injury other than the slight scar.

The leading case in the Court of Claims on inmate attack cases is *Dorsey v. State* (1977), 32 Ill. Ct. Cl. 449. There the court held that the State was not negligent, "* * * because the record is devoid of anything that would have put the State on notice that the attack, which did occur, might have occurred." *Dorsey* at 451. The State is not an insurer of the safety of persons under its control. *Dorsey* at 453. The *Dorsey* case was cited with approval in the recent case of *Bock v. State* (1991), 43 Ill. Ct. Cl. 299, 305. There the court reaffirmed that unless the State could reasonably foresee an assault, there could be no liability.

The Claimant testified that he warned the officers of a possible attack and was placed on protective status for three days. He also acknowledged that he did not specifically identify the persons who he considered a threat to him. The Respondent's agents obviously took steps to protect the Claimant from immediate harm after the report of the potential attack. It is difficult to imagine how the officers could do more based on the information they had in their possession. Clearly, they were not negligent. Therefore, this claim is denied.