(No. 87-CC-1081)

CARROLL ALEXANDER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 26, 1994.*

CARROLL ALEXANDER, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (CHRISTOPHER K. WELLS, Assistant Attorney General, of counsel), for Respondent.

## OPINION

PATCHETT, J.

The Claimant was an inmate with the Illinois Department of Corrections. He seeks damages for personal injuries in the sum of $100,000 as a result of an attack on him on August 11, 1986. This attack took place in the kitchen at Menard Correctional Center. He was assaulted by another inmate and sustained injuries to the arms, hands, and head.

The Claimant further alleges that two days after the incident, he received what is basically a pass to report to the medical unit for examination, but the correctional officers refused to allow him to go.

At the hearing on this case, the Claimant testified that on August 11, 1986, he went to work at the usual time at the kitchen. During his work shift, correctional officers permitted him to remain unsupervised with other inmates while they were performing other duties. He

contends that during this time, another inmate attacked him, hitting him on the thumb and back of his head with a steel paddle. He contends that if an officer had been present to supervise the inmates, the injuries might have been prevented.

The Claimant testified that he had to have stitches in his hand and he suffered headaches from the gash to his head. The Claimant contends that his whole arm goes numb as a result of the injuries in question. He further testified that he requested medical help for those conditions, but "they can't do nothing."

The Claimant testified that there was a rule at the penitentiary that there should always be an officer present, and that they were supposed to have an officer working at the back door of the kitchen. The Claimant claimed that he read the rule book, but he could not produce the rule in writing or give a citation. He stated that at the time of his injury, there was no officer working the back door.

On cross-examination, he testified that he was sitting in the back of the kitchen talking when another inmate came running through with a paddle in each hand. The inmate swung at the Claimant, and as the Claimant threw his hands up, he got cut with the paddle and hit in the head. Although the Claimant knew the assailant, he testified that he had never had any confrontations with him and had never been threatened previously. The Claimant had never informed the correctional officers that he might be attacked because he had no reason to think that he would be attacked. He admitted that the guards could not have known that the other inmate was going to attack him in advance.

The Claimant received medical treatment from the health care unit who gave him stitches in his thumb. He

does not recall if he was given an ice pack for his head. A couple of days after he was injured the guards refused to let him go to the medical unit for examination until 3:00 p.m. He contends that this caused permanent injuries. He further contends that he was denied pain killers, even though it was requested on numerous occasions.

This court has consistently held that the State is not an insurer of the safety of persons under its control. (*Dorsey v. State* (1977), 32 Ill. Ct. Cl. 449.) There the Court stated as follows:

"The rule in the State of Illinois and other jurisdictions is that before the State can be held liable in a situation such as the present one, the State would have had to have knowledge of the dangerous propensities of the assailant ° ° ° and guarded against him." 32 Ill. Ct. Cl. 449, 451.

The *Dorsey* case was followed and approved in *Bock v. State* (1991), 43 Ill. Ct. Cl. 299, 305. Here, as in the case cited above, there was no advance warning of the dangerous propensity of the inmate who attacked the Claimant. In addition, correctional officers were not provided any warning or information that an attack might be imminent or expected by the inmate. Without advance notice, there was no way for the correctional officers to foresee the assault in question.

In cases where inmates have been assaulted by other inmates, this court has determined that proof of foreseeability, or of potential harm, must be shown, and that Respondent's agents anticipated, or should have anticipated, that third persons would commit criminal acts against a particular inmate. *Carey v. State* (1981), 35 Ill. Ct. Cl. 96; *Childs v. State* (1991), 38 Ill. Ct. Cl. 196; *Phipps v. State* (1991), 44 Ill. Ct. Cl. 105.

For the reasons stated above, we hereby deny this claim. In addition, as to the portion of the claim in which the Claimant alleged he was provided inadequate medical

care, the Claimant failed to establish that agents of the Department of Corrections deviated from applicable standards of care. (*Bock v. State* (1991), 43 Ill. Ct. Cl. 299, 304.) Since the Claimant offered no evidence that the medical care afforded to him deviated from the applicable standards of care, there is no liability established.