(No. 92-CC-0448—)

GUY LENNY HAYES, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 30, 1994.*

*Order on petition for rehearing filed January 30, 1995.*

GUY LENNY HAYES, *pro se*, for Claimant.

JIM RYAN, Attorney General (WENDELL DEREK HAYES, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

Claimant, an inmate with the Illinois Department of Corrections, seeks a $25,000 judgment against the Respondent, State of Illinois, for personal injuries sustained by Claimant when he was burned by hot water thrown on him while he was working in the protective custody unit. Claimant alleges that an inmate in protective custody threw hot water on him, causing him to sustain varying degrees of burns.

It was Claimant's job to feed the inmates locked in protective custody in X-house at Stateville Correctional Center. Claimant had this job for approximately one month and performed his duties with another inmate. Claimant delivered food to inmates through a hole in the cell by pushing a tray into the cell.

On the date in question, an inmate asked the Claimant for extra food. The inmate threw hot water on Claimant that hit him from his chest to his stomach. After being injured, Claimant went straight to the sergeant's office

and was taken to the hospital that same day. Claimant contends that the correctional officers failed to do their job because there was no correctional officer available in the cell house to accompany the Claimant and his co-worker; thus, preventing the incident. Claimant stated that guards accompanied the food servers on some shifts, but on some they did not.

Claimant contended that he never had a problem or involvement with the inmate who threw hot water on him. Claimant knew of no reason for the inmate to throw hot water on him, except that the inmate was angry because Claimant would not give him extra food "then and there." Claimant denied that he did anything to cause his assailant to throw hot water on him. His assailant did nothing threatening toward Claimant prior to the throwing of the hot water.

In *Petrusak v. State* (1987), 39 Ill. Ct. Cl. 113, 114, this Court stated:

"The State is not an insurer as to the safety of an inmate in its custody. It does however have a duty to exercise reasonable care under the circumstances to prevent its inmates from suffering harm at the hands of other inmates. ° ° °

Foreseeability of potential for harm is a necessary element which must be proven by the preponderance of the evidence in this type of case. What is foreseeable necessarily must be judged by the facts in each case and by taking judicial notice of the prison environment."

In *Phipps v. State* (1991), 44 Ill. Ct. Cl. 105, 110, this Court stated:

"In cases where inmates have been assaulted by other inmates this Court has determined that to prove foreseeability of potential for harm it must be shown that Respondent's agents anticipated, or should have anticipated, that third persons would commit criminal acts against the particular inmate who was attacked. See *Carev v. State* (1981), 35 Ill. Ct. Cl. 96; *Childs v. State* (1985), 38 Ill. Ct. Cl. 196."

As in the *Phipps* case, *supra*, a claim of this nature cannot be successful if Claimant fails to show Respondent's

agents knew or should have known that Claimant would be singled out for an attack. No evidence was presented indicating Claimant warned Respondent's agents or that Respondent's agents otherwise knew he was in danger of attack. Claimant has failed to prove Respondent's agents had sufficient notice, or any notice, so that the attack upon Claimant could have been foreseen.

Wherefore, it is hereby ordered that Claimant's claim is denied.

## ORDER

PATCHETT, J.

This case was originally a claim for personal injury suffered by an inmate of the Illinois Department of Corrections. Mr. Hayes was injured when hot water was thrown on him while he was working under protective custody.

This claim was denied in an opinion issued by this Court on September 30, 1994. Mr. Hayes subsequently filed a petition for rehearing.

The basis of the opinion denying the claim was that there was no proof that the State knew or should have known that Mr. Hayes would be the subject of an attack. Nothing in Mr. Hayes' petition for rehearing alleges that such proof could be produced. Instead Mr. Hayes relies on the theory that inmates in protective custody are more prone to violence than other inmates.

The State is not the insurer of safety of inmates. Only when the State knows or should know that the inmate has been singled out, or likely to be subject to violence, and takes insufficient steps to protect that inmate,

can liability be established. Here there was a total failure of proof on those issues.

Therefore, the petition for rehearing is denied.