(No. 95-CC-1914–)

ANNIE L. WARREN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed March 9, 1998.*

GOLDMAN & MARCUS (ARTHUR R. EHRLICH, of counsel), for Claimant.

JAMES E. RYAN, Attorney General (MICHAEL F. ROCKS, Assistant Attorney General, of counsel), for Respondent.

## ORDER

RAUCCI, J.

This cause coming on to be heard on the Respondent's motion to dismiss, the Court being fully advised in the premises, the Court finds:

1. Claimant seeks relief in this Court after an adverse ruling by the Civil Service Commission on her claim for reclassification and back pay arising from her employment by the Department of Public Aid. Claimant maintains that this action is not an "appeal" but is an original action pursuant to section 8(a) of the Court of Claims Act. 705 ILCS 505/8(a).

2. However characterized, Claimant is required to exhaust all other remedies before a recovery can be had in this Court. 705 ILCS 505/25.

3. Claimant sought review of the decision of the Civil Service Commission by filing a complaint in administrative review in the Circuit Court of Cook County. On March 18, 1993, the circuit court dismissed the complaint. No appeal was taken.

4. By failing to appeal the circuit court order, Claimant has failed to exhaust all other remedies. But more fundamentally, we do not have jurisdiction to entertain Claimant's claim. In *Wenetsky v. State* (1993), 45 Ill. Ct. Cl. 264, 266, a former State employee sought lost wages. In dismissing the claim, we stated:

"Jurisdiction over the Claimant's job classification was with the Secretary of State's Department of Personnel, the merit commission, and circuit court on judicial review. (Ill. Rev. Stat., ch. 124, par. 101 *et seq.*) This Court has no jurisdiction in personnel matters where adequate remedies are provided in a court of general jurisdiction. (*Halima v. State* (1989), 41 Ill. Ct. Cl. 193.) Therefore, this Court has no jurisdiction to decide the issue of Claimant's job classification."

Similarly here, the circuit court is invested with jurisdiction pursuant to the Administrative Review Law to

review the decision of the Civil Service Commission. We are without jurisdiction.

It is therefore ordered, adjudged and decreed that the Respondent's motion to dismiss is granted, and this claim is dismissed and forever barred.