(No. 89-CC-1708– █)

LEAMON JORDAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 15, 1998.*

GOLDSTEIN, AIOSSA & GOOD (FREDERICK N. AIOSSA, of counsel), for Claimant.

JIM RYAN, Attorney General (MARK W. MARLOTT, Assistant Attorney General, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant, Leamon Jordan, filed his complaint, sounding in negligence, on November 30, 1988. Claimant has alleged that, while Claimant was a prisoner of the Illinois Department of Corrections, the Respondent negligently allowed another inmate to stab him.

### The Facts

Claimant, Leamon Jordan, was stabbed in the dayroom of the A/B side of the west wing of H-house at the Stateville Correctional Center by a fellow inmate, Gregory Hill. Claimant's testimony concerning the attack indicated that he was sitting in the dayroom playing cards, when inmate Hill approached him from the rear, stabbed him, and then walked out through two sets of doors, which were unlocked by a Department of Corrections officer, into the west exercise yard where an ice pick was subsequently found. Claimant testified that inmate Hill

was assigned to the east wing of H-house and should not have been in the A/B dayroom. Claimant also claimed that inmate Hill was upset with the Claimant because of a failed drug transaction involving a gold medallion that Claimant had received from inmate Hill to pass on to another inmate. Claimant stated that, prior to the stabbing, he had told Correctional Officer (now Captain) Venita Foulks Wright that he was in danger from Mr. Hill, told her the details of the drug transaction, and that no action of any kind was taken as a result of his revelations.

Captain Wright testified that she recalled that, sometime prior to the stabbing, there was a problem between inmate Hill and the Claimant involving a gold medallion, but that, when she inquired of the Claimant if he had the medallion, the Claimant denied possessing it. Captain Wright did not recall the Claimant informing her of any danger from Hill, nor did she recall that the Claimant told her of any failed drug transaction involving the medallion.

Denise Cephas, the officer on duty at the time of the stabbing who was in charge of the doors which allowed access into, and out of, the dayroom, testified that Hill was a laundry worker from the C/D side of the west wing and, as such, was admitted into the A/B side to attend to laundry needs. Ms. Cephas testified that, after the stabbing, she believed Hill remained in the dayroom and that she did not release him out to the west exercise yard.

There was evidence from the departmental report that, subsequent to this incident, an ice pick was found in the west exercise yard, but there was no evidence presented as to how the ice pick arrived in that location. The departmental report contained information that inmate Hill was housed in the C/D side of the west wing. Inmate Hill was not listed on the Claimant's Department of Corrections

enemy list and was not one of the reasons that the Claimant had earlier requested protective custody.

Claimant also offered testimony and evidence concerning the injuries that he had received, and it is clear that Claimant did suffer injuries requiring hospitalization as a result of the stabbing. He also claimed continuing problems breathing.

## The Law

The State is not an insurer of the safety of persons under its control, but it does have a duty to protect an inmate when the State can reasonably foresee an assault. *Butler v. State (1994)*, 46 Ill. Ct. Cl. 416; *Smith v. State* (1991), 44 Ill. Ct. Cl. 45; *Phipps v. State* (1991), 44 Ill. Ct. Cl. 105.

The facts of this case are similar to the facts stated in *Woodfork v. State* (1983), 36 Ill. Ct. Cl. 182. In that case, inmate Woodfork had told the work supervisor at Stateville Correctional Center that he needed a change of job assignment for his own safety. However, he did not tell the supervisor that the persons causing the trouble were Vice Lords. Inmate Woodfork's work assignment was subsequently changed and he was moved to different housing. When he reached his new cell, his roommate was a Vice Lord who, several days later, severely beat Woodfork. The Court denied inmate Woodfork's claim because he had not given the State the information that would have allowed the State to protect him.

In the instant case, the Claimant claims that he had informed officers of the Department of Corrections that he was in danger from inmate Hill. The Court finds that the Claimant's testimony is not credible. The Claimant claims that he wrote a letter, but he could not produce a copy of the letter, and he was vague as to what was said in the letter. The Claimant also failed to produce the original

letter, which he could have obtained through discovery if it existed. The Claimant claims that he had informed Captain Wright that inmate Hill had given him a gold medallion that he delivered to another inmate in return for drugs, and that the drugs turned out to be baking powder. Captain Wright testified that she recalled that there was a problem between Hill and the Claimant involving a gold medallion, but that, when she inquired of the Claimant if he had the gold medallion, the Claimant denied possessing the medallion in question. It is not believable that the Claimant told the officer the full story of the drug dealing, as no disciplinary action was taken against Claimant. There was no credible testimony that Claimant told Captain Wright he was in danger of attack from inmate Hill.

Claimant testified he also notified Jean Pearson, the caseworker supervisor of the cellhouse, of the threat from inmate Hill, but did not call Ms. Pearson as a witness. Claimant testified that inmate Hill was moved after he notified Respondent's agents of his threat, but Claimant presented no prison cell records to substantiate his testimony.

Also, the Claimant alleges that inmate Hill was housed in the east wing of the H-house, which should have made him completely isolated from the Claimant, and that the Respondent was at fault for allowing inmate Hill to get near him. The testimony of Officer Cephas and the Respondent's records show that inmate Hill was a resident of the C/D side in the west wing and had access to the A/B side in the normal course of his laundry duties. The Claimant also stated that, after inmate Hill stabbed him, the guard let inmate Hill out into the west exercise yard, but Officer Cephas testified that she believed Hill remained in the dayroom and that she did not release him out into the yard.

This Court has considered numerous similar claims involving attacks by inmates on other inmates. This Court has continuously reiterated the rule that, in the absence of proof that the Respondent's agents anticipated, or should have anticipated, that third persons would commit criminal acts against a Claimant, there is no liability. *Childs v. State* (1985), 38 Ill. Ct. Cl. 196; *Castleman v. State* (1992), 45 Ill. Ct. Cl. 252.

This Court has further held that, even where institutional procedures were, in fact, violated and the violation permitted one inmate to attack and injure another, there is no liability in the absence of proof that the agents of Respondent anticipated, or should have anticipated, the attack. *Carey v. State* (1981), 35 Ill. Ct. Cl. 96; *Daugherty v. State* (1991), 43 Ill. Ct. Cl. 316; *Lewis v. State* (1995), 47 Ill. Ct. Cl. 199.

The Claimant has presented no credible evidence that he warned Respondent's agents of an impending attack from inmate Hill, or that Respondent's agents knew, or should have known, that Claimant was in danger of an attack from inmate Hill. We find that Claimant's testimony was not credible. Up until the attack, Claimant did not put inmate Hill on his enemy list. Claimant admitted lying to Respondent's agents to get into protective custody in the first place, by saying he was a gang member. Claimant has failed to prove Respondent's agents had sufficient notice, or any notice, so that the attack upon Claimant could have been foreseen. *Hayes v. State* (1994), 47 Ill. Ct. Cl. 389.

For the foregoing reasons, it is the order of the Court that Claimant's claim be, and hereby is, denied.